Carol Billings, City Attorney City of Pine Bluff 200 East 8th Avenue, Suite 203 Pine Bluff, AR 71601
Dear Ms. Billings:
You have requested approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of an agreement between Pine Bluff Chemical Activity/Pine Bluff Arsenal and Pine Bluff Police Department, under the terms of which the parties agree concerning planning for and executing response to emergency situations.
As an initial matter, I must note that the agreement, by its own terms, does not purport to be an interlocal agreement within the meaning of the Interlocal Cooperation Act. It does not reference that Act. Rather, it is entitled "Memorandum of Understanding." Moreover, the terms of the agreement could reasonably be interpreted as accomplishing nothing more than a statement of the parties' understanding concerning the subject of emergency response in situations affecting both parties. It is my opinion that if the agreement purports to be no more than a memorandum of understanding between the parties, the Attorney General's approval is not required. Nevertheless, the agreement could be interpreted as constituting an interlocal agreement within the meaning of the Interlocal Cooperation Act, in that it is an attempt by two public agencies to cooperate "on a basis of mutual advantage and thereby to provide services and facilities in a manner . . . that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities." A.C.A. § 25-10-102. If it is the parties' intent that the agreement constitute an interlocal agreement within the meaning of the Act, the agreement should so state and should make reference to the Act. It must also comply with all of the requirements of the Act, as discussed below.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
 (2) The organization, composition, and nature of any separate legal or administrative entity created by the agreement, and the powers delegated to that entity;
(3) The purposes of the agreement;
 (4) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (5) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(6) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
The agreement that you have submitted must specify all of the above-listed items.
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state. Having reviewed the agreement, I must conclude that it is deficient in the following respects:
 • It does not specify the manner of financing (if necessary) the joint undertaking or of maintaining a budget for it;
 • It does not specify the manner of acquiring, holding, and disposing of any property to be used in the joint undertaking;
 • It does not specify an administrator or joint board who is to be responsible for administering the joint undertaking. In this regard, I note that although the agreement does identify contact persons, it does not indicate whether these persons are responsible for administering the agreement.
The agreement appears otherwise to be in proper form and appears on its face to be consistent with Arkansas law. It should, of course, be scrutinized for consistency with all applicable federal law, as well as for any problems that could arise in its application.
In light of the deficiencies mentioned above, I must withhold approval of the submitted agreement in its current form, pursuant to the provisions of A.C.A. § 25-20-104(f)(2). If you wish to submit an amended agreement including the required information, I will be happy to approve it in a most expeditious manner.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General